**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **EDNA RIPLEY,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-23-2617** |
| **PENTAGON FEDERAL CREDIT UNION,** *et al.* | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

Edna Ripley, who is proceeding without counsel, alleges Pentagon Federal Credit Union ("PenFed") and PAR, Inc. ("PAR") repossessed her vehicle in violation of federal law. ECF 1. The defendants have moved to dismiss Ripley's complaint for failure to state a claim. ECF 20. The matter is fully briefed. ECF 25, 27, 28. A hearing is not necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants the defendants' motion to dismiss for failure to state a claim. Ripley's complaint is dismissed.[1]

**I.      Background**

The following allegations, accepted as true, are in Ripley's complaint, ECF 1; the supplement to her complaint, ECF 26; and an attachment to the supplement, ECF 26-1.

On the morning of September 14, 2023, Ripley entered her residence's garage to discover that her vehicle was missing. ECF 1, at 6. Ripley alleges that PenFed repossessed her vehicle without giving her advance written notice that it was going to seize her car. *Id*. at 7. Ripley says PenFed had her car "stolen" because she was not notified "by any mediums of communication that

---

[1] Ripley sued a third defendant, Metro Investigation and Recovery Solutions, Inc., but she voluntarily dismissed her claims against Metro several months ago. ECF 30.

the vehicle was being stolen." *Id*. Ripley alleges that PenFed used unfair debt collection practices "by taking the vehicle when the property is claimed through security interest." *Id*. She alleges PenFed discouraged her from applying for future credit "by first taking the vehicle, and expecting [her] to do business with other banks for financing." *Id*. at 7. As a consequence of the repossession, Ripley missed work and had to rent a vehicle to drive to work and to take her children to school. *Id*. at 6. According to PenFed's December 30, 2023 letter to Ripley, PenFed sold the vehicle at a loss and she still owes $20,600.18 on the car loan. ECF 26-1, at 2. Ripley does not allege any conduct whatsoever by PAR. ECF 1, 26.

Ripley alleges PenFed violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d(1)(4), 1692f(6)(a)–(b), the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a)(1), and its implementing regulation, Regulation B, 12 C.F.R. § 1002.4. ECF 1, at 4, 6–7. She requests return of the vehicle, including her personal items inside it; the vehicle's title; a return of the amount financed, $49,452.75; $950 for the rental car; $400 for missing work; and $13,000 as a penalty for the 13 days she was affected by the repossession. *Id*. at 8.

The defendants filed a motion to dismiss for failure to state a claim. ECF 20. Ripley opposed the motion, ECF 25 & 27.[2] The defendants filed a reply. ECF 28.

---

[2] Ripley attached several documents to her opposition that she says support her claim. *See* ECF 25-1 – 25-4; ECF 27, at 2. They are: her financing agreement for her vehicle, ECF 25-1; a January 2023 letter from PenFed detailing that she was in default on her loan and that repossession was possible, ECF 25-2; a receipt for the vehicle Ripley purchased to replace the repossessed vehicle, ECF 25-3, at 2; receipts for rental cars, ECF 25-3, at 3–14; and PenFed's September 16, 2023 letter stating it had repossessed Ripley's vehicle, ECF 27, at 2. These documents were not attached to or relied on in Ripley's complaint or supplement, and they are not integral to the complaint. So the Court may not consider them when deciding whether Ripley has stated a claim under Rule 12(b)(6). *See Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir. 2006) (stating documents outside the pleadings may be considered on a Rule 12(b)(6) motion only if they are "clearly integral to" and were relied on in the complaint).

## II.      Standard of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts,

the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.   Discussion

Ripley asserts claims against PenFed under the FDCPA and the ECOA.[3] None survives the motion to dismiss.[4]

### A.  Fair Debt Collection Practices Act

Ripley first alleges that PenFed violated the FDCPA.

---

[3] In her complaint, Ripley does not include any allegations whatsoever about PAR and does not state what claims she brings against PAR. *See* ECF 1. For that reason, PAR's motion to dismiss is granted.

[4] In her supplement to her complaint, Ripley asserts a claim under 18 U.S.C. § 1957, a federal criminal statute. ECF 26. Ripley, a private citizen, may not enforce a criminal statute. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990). This claim, therefore, is dismissed. In her opposition, Ripley suggests PenFed violated her constitutional rights and 15 U.S.C. §§ 1681a(d)(1), 1681b(a). *See* ECF 25. Ripley may not amend her complaint through her

> To succeed on a[n] FDCPA claim a plaintiff must demonstrate that (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

*Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012), *aff'd sub nom. Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013). Ripley does not plead an essential element of an FDCPA claim: that PenFed is a debt collector.

Under the FDCPA, a "debt collector" is "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector," save anyone who meets one of these definitions but falls into one of several subsequent exclusions. *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016). In her complaint and supplement, Ripley does not allege PenFed is principally in the business of collecting debts. Ripley also does not allege that PenFed repossessed her car to collect on a debt "owed to another." *Id*. And Ripley does not allege PenFed repossessed the vehicle using someone else's name to collect on it as if PenFed were a debt collector. Ripley has failed to plausibly plead that PenFed is a debt collector under the FDCPA.

Because the FDCPA applies only to the conduct of debt collectors, Ripley has not stated an FDCPA claim against PenFed. *Stewart*, 859 F. Supp. 2d at 759; *see also Kennedy v. Lendmark Fin. Servs.*, No. RDB-10-2667, 2011 WL 4351534, at *4 (D. Md. Sept. 15, 2011), *aff'd sub nom. Kennedy v. Lendmark Fin. Servs., Inc.*, 458 F. App'x 262 (4th Cir. 2011); *Cooper v. Fulton Bank*,

---

opposition. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). The Court will address only the claims Ripley alleges in her complaint and supplement—the FDCPA and the EOCA claims. As the Court reads her pleadings, she does not allege any state law claims.

*N.A.*, No. CCB-16-4138, 2017 WL 5478318, at *3 (D. Md. Nov. 15, 2017). Ripley's FDCPA claims are dismissed without prejudice.

### B.  Equal Credit Opportunity Act

Ripley next alleges that PenFed violated the ECOA and its implementing regulation, Regulation B, 12 C.F.R. § 1002.4 by "taking the vehicle, discouragement [sic] by first taking the vehicle and expecting [her] to do business with other banks for financing," and failing "to disclose in writing about repossession." ECF 1, at 7.

Under the ECOA, "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a); *see also Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC-11-3758, 2013 WL 247549, at *6 (D. Md. Jan. 22, 2013) (quoting *Capitol Indem. Corp. v. Aulakh*, 313 F.3d 200, 202 (4th Cir. 2002) (quoting 15 U.S.C. § 1691(a)(1))). An individual may assert an ECOA claim against a "creditor who fails to comply with any requirement imposed" by the statute. 15 U.S.C. § 1691e(a). The statute defines "applicant" as a "person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b).

Ripley does not plausibly allege an ECOA claim against PenFed. Ripley does not allege that PenFed denied her credit for prohibited reasons. In fact, she does not allege that PenFed denied her credit at all. Rather, Ripley alleges that PenFed repossessed her car without notice. The plain language of the ECOA limits the statute's reach to adverse "decisions on a customer's credit[;] . . . [i]t does not extend . . . to subsequent actions after a denial of credit, such as a recission of a sale

or repossession of a car." *Barnette v. Brook Rd., Inc.*, 457 F. Supp. 2d 647, 656 (E.D. Va. 2006). Ripley has not stated a claim under the ECOA against PenFed.

Ripley's claim under Regulation B, 12 C.F.R. § 1002.4, meets the same end. That regulation provides: "A creditor shall not make any oral or written statement, in advertising or otherwise, to applicants or prospective applicants that would discourage on a prohibited basis a reasonable person from making or pursuing an application." 12 C.F.R. § 1002.4(b). Ripley has not alleged PenFed made any statement designed to discourage her from applying for credit. And she has not alleged that PenFed discouraged her from making or pursuing an application for credit because of her protected traits. *Consumer Fin. Prot. Bureau v. Townstone Fin., Inc.*, --- F.4th ----, 2024 WL 3370023, at *5 (7th Cir. July 11, 2024) (noting Regulation B "prohibit[s] discouragement" of credit applicants because of the "race, color, religion, national origin, sex, marital status, or age."). What's more, Regulation B does not prohibit actions against accounts in default. 12 C.F.R. § 1002.2(c)(2)(ii) (stating Regulation B does not apply to "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account"). Ripley has not plausibly alleged a claim under Regulation B.

Accordingly, Ripley has failed to state a claim under the ECOA or Regulation B.

## C. Amendment

Ripley has not asked for leave to amend, but she did ask the Court to tell her "what to do next" and where she "fell short." ECF 25, at 3. The Court cannot give her legal advice or offer an advisory opinion. However, the Court can say this. Even if the Court considered the information in the documents Ripley attached to her opposition, ECF 25-1 – 25-4, ECF 27, she would not state claims under the FDCPA, the ECOA, or Regulation B. Those documents do not indicate that PenFed was acting as a debt collector under the FDCPA, that PenFed denied her credit application

because of her protected traits, or that PenFed made any statement to her that would discourage her, on a prohibited basis, from making or pursuing an application. And none of the documents even mentions PAR.

**IV.   Conclusion**

Ripley has not plausibly alleged a claim upon which relief could be granted. The defendants' motion to dismiss is granted. Ripley's claims against PenFed and PAR are dismissed without prejudice. Ripley's motion to expedite a ruling on the motion, ECF 4, is denied as moot. A separate Order follows.

Date: August 7, 2024

Deborah L. Boardman
United States District Judge

8